T.C. Summary Opinion 2006-21


UNITED STATES TAX COURT


JORGE TORRES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8004-05S.                Filed February 7, 2006.


Jorge Torres, pro se.

<u>Willard N. Timm, Jr.</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court,

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and this opinion should not be cited as authority.  This case is before the Court on respondent's motion for summary judgment, pursuant to Rule 121.

### Background

At the time the petition was filed in this case, petitioner resided in Anaheim, California.

Petitioner timely filed his income tax return for the 2001 taxable year.  On his return, petitioner's filing status was reported as head of household, he listed one dependent, and he claimed the earned income credit.  On June 20, 2003, respondent sent to petitioner a notice of proposed changes that disallowed the head of household filing status, the dependency exemption deduction, and the earned income credit.  That notice instructed petitioner to respond by letter if he did not agree with the proposed adjustments.  Petitioner sent a letter and supporting documentation to respondent on August 26, 2003.

On August 29, 2003, respondent sent a notice of deficiency to petitioner's last known address.  Petitioner did not file a petition within the 90-day period prescribed by section 6213(a), which expired on November 28, 2003.[2]

---

[2] The 90th day after the issuance of the notice of deficiency was Nov. 27, 2003, which was a legal holiday in the District of Columbia.

On January 2, 2004, respondent notified petitioner that the information that he had provided with respect to his 2001 tax return did not support a change to the proposed adjustments.  The correspondence also informed petitioner that "You have had 90 days to file a petition with the United States Tax Court.  If you did not file a petition and still disagree with our determination, you may, after paying the additional tax due, file an amended return or a claim for refund."

On February 9, 2004, respondent assessed the additional tax against petitioner as a result of the adjustments and the disallowance of the earned income credit.  Petitioner neither paid the additional tax assessed for 2001 nor filed an amended return or claim for refund.  On March 29, 2004, petitioner sent a letter to this Court requesting the necessary documents to file a petition for redetermination of a deficiency for the 2002 taxable year.[3]  This Court treated the letter as a petition and assigned it docket No. 5812-04S.  On April 5, 2004, this Court issued an order directing petitioner to file a proper amended petition in docket No. 5812-04S.  On May 10, 2004, petitioner filed the amended petition and disputed the deficiency respondent asserted for the 2001 taxable year.

---

[3] Although petitioner's Mar. 29, 2004, letter refers to his 2002 taxable year, respondent did not send petitioner a notice of deficiency regarding his 2002 taxable year.  Petitioner's reference to 2002 appears to be an error; in fact, the amended petition disputes the deficiency for petitioner's 2001 tax year.

On August 19, 2004, respondent sent to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing because petitioner failed to pay his outstanding 2001 tax liability.  The notice informed petitioner that respondent intended to levy to collect the unpaid liability for the 2001 taxable year.  The notice also stated that petitioner could "Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter."

On September 7, 2004, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing.  Before respondent's Appeals officer and petitioner held a section 6330 hearing, the Court scheduled petitioner's case in docket No. 5812-04S for trial on February 14, 2005.  On December 2, 2004, respondent's settlement officer conducted a section 6330 hearing with petitioner and discussed collection alternatives.  Although respondent's settlement officer researched petitioner's tax records and tentatively concluded that petitioner had not acted on the notice, he elected to postpone his determination until the Court reached a decision.

Respondent subsequently filed a motion to dismiss for lack of jurisdiction in docket No. 5812-04S.  On March 1, 2005, the Court granted respondent's motion to dismiss because petitioner failed to file the petition in that case within the time

prescribed by section 6213(a) or 7502.  On the basis of the Court's order, respondent's settlement officer concluded that petitioner had not acted on the notice for the 2001 taxable year.

On April 12, 2005, respondent sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Petitioner filed his petition in this case on May 2, 2005.  In his petition, petitioner asserted:

> The underlying liability of this collections action is unjust.  I did not have an adequate opportunity to prove that I was entitled to head of household, one dependency exemption, and the earned income credit for the tax year ended 12/31/2001.  All I want is the opportunity to present proof to this Court that I am entitled to such and that this levy action is not valid.  The appeals office refused to accept my proof and therefore I am petitioning this court to hear my argument.

In his motion for summary judgment, respondent argues that section 6330(c)(2)(B) precludes petitioner from challenging the underlying tax liability for 2001 because petitioner received a notice of deficiency and failed to file a petition within the time prescribed by sections 6213(a) and 7502.  In his response to respondent's motion for summary judgment, petitioner only argues that respondent never provided him with a meaningful opportunity to participate in a hearing regarding his proposed tax liability.

## Discussion

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials."  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Either party may move for

a summary judgment upon all or any part of the legal issues in controversy.  Rule 121(a).  Rule 121(b) provides that the Court shall render a decision when the pleadings, answers to interrogatories, depositions, admissions, affidavits, and any other acceptable materials show that "no genuine issue as to any material fact" exists and "that a decision may be rendered as a matter of law."  The moving party bears the burden of proving that there is no genuine issue of material fact.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court will view any factual material and inferences in the light most favorable to the nonmoving party.  Dahlstrom v. Commissioner, supra at 821; Naftel v. Commissioner, supra at 529.  Because there are no genuine issues of material fact, as discussed infra, we agree with respondent that summary judgment is appropriate in this case.

Section 6330(a)(1) requires the Commissioner to provide a taxpayer with written notice of the right to a hearing before the Commissioner may levy on any property or property right.  The notice must inform the taxpayer of the right to request a hearing during the 30-day period before the first levy.  Sec. 6330(a)(2) and (3).  If the taxpayer requests a hearing, an Appeals officer of the Commissioner shall hold the hearing.  Sec. 6330(b)(1).

At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including

appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). Section 6330(c)(2)(B) limits the taxpayer's ability to challenge the underlying tax liability during the hearing. Specifically, the taxpayer may "raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

The taxpayer may seek judicial review of a determination made by the Appeals officer. Sec. 6330(d). This Court has jurisdiction to review the Commissioner's administrative determination where the underlying tax liability is of a type over which this Court normally has deficiency jurisdiction. Id.; Goza v. Commissioner, 114 T.C. 176, 181 (2000). When the underlying tax liability is properly at issue, the Court will review the administrative determination on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000) (quoting H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 747, 1020). When the validity of the underlying tax liability is not properly at issue, the Court will review the Appeals officer's determination for abuse of discretion. Id.

This Court has held that taxpayers have had an opportunity to dispute the underlying tax liability when they have received a notice of deficiency. Goza v. Commissioner, supra at 182-183; Sego v. Commissioner, supra. Whether the underlying tax liability is properly at issue in a section 6330 administrative hearing depends on whether the taxpayer had an opportunity to challenge the liability, not whether the taxpayer acted upon that opportunity. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 611. Even though the taxpayer neglected to file a petition with this Court to challenge the underlying tax liability, the notice of deficiency offered the taxpayer the opportunity to oppose the underlying liability. See Sego v. Commissioner, supra. When the taxpayer declines an opportunity to challenge the underlying liability, section 6330(c)(2)(B) precludes the taxpayer from contesting the underlying tax liability before the Appeals officer. See Goza v. Commissioner, supra; Sego v. Commissioner, supra at 610-611.

Petitioner argues that "There is a genuine issue of material fact in this case, being that the petitioner has never had the opportunity for a hearing regarding his tax liability." We disagree. Petitioner does not dispute that he received a notice of deficiency regarding his 2001 tax liability. The notice of deficiency provided petitioner with an opportunity to challenge his 2001 tax liability. Petitioner failed to petition this Court

within the 90-day period prescribed by section 6312.  Because petitioner had an opportunity to contest his income tax liability and failed to do so, section 6330(c)(2)(B) precluded petitioner from questioning that underlying liability at his section 6330 hearing.  See Goza v. Commissioner, supra at 182-183 ("Although * * * [the taxpayer] received a notice of deficiency * * * he did not avail himself of the opportunity to file a petition for redetermination with the Court pursuant to section 6213(a).  Consistent with section 6330(c)(2)(B), * * * [the taxpayer] therefore was precluded from contesting his liability for the underlying taxes before the Appeals Office.").  As petitioner's underlying tax liability was not properly at issue in the section 6330 hearing, we hold that the validity of the underlying tax liability is not properly before this Court.  See Sego v. Commissioner, supra at 611.

Petitioner failed to raise any other relevant issues or challenges in the petition.  Pursuant to Rule 331(b)(4), all other issues are deemed conceded.

The decision in this case will indicate that we sustain respondent's administrative determination to proceed with collection against petitioner.  Our decision does not serve as a review of respondent's determination as to petitioner's

underlying tax liability for 2001.  For the reasons set forth herein, respondent's motion for summary judgment will be granted.

An appropriate order and decision will be entered for respondent.